UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BAKER,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES FOOD AND DRUG ADMINISTRATION,<br><br>    Defendant. | No. 2:25-cv-00250 DAD CKD (PS)<br><br><br>FINDINGS AND RECOMMENDATIONS |

       Plaintiff, proceeding pro se, commenced this action and paid the filing fee on January 21, 2025. (ECF Nos. 1 & 2.) Before the court is defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). (ECF No. 9.) Plaintiff has opposed the motion, and defendant has filed a reply. (ECF Nos. 10 & 11.) On April 23, 2025, the court took the matter under submission without appearance and argument pursuant to Local Rule 230(g). (ECF No. 12.) For the reasons set forth below, the court will recommend that defendant's motion be granted and this action dismissed for lack of jurisdiction.

       I.     The Complaint

       Plaintiff brings this action against one defendant, the U.S. Food and Drug Administration ("FDA"). (ECF No. 1, "Cmplt.") Plaintiff alleges that, in August and December 2022, he served two requests under the Freedom of Information Act ("FOIA") for information related to the FDA's decisions involving the testing, evaluation, and regulation of Light Emitting Diode

1

("LED") products. (Cmplt, ¶¶ 1, 12-14.) More than two years later, in September 2024, the FDA responded to the requests by providing a single 19-page document. (Cmplt., ¶¶ 1, 25.) Plaintiff appealed, seeking more information and legal justification for withholding information covered by the requests. The FDC did not respond. (Cmplt., ¶¶ 2, 26.)

Plaintiff asserts one cause of action: violation of the FOIA statute, 5 U.S.C. § 552. (Cmplt. at 9.) He requests injunctive relief ordering the FDA to produce documents responsive to his requests, plus an award of costs and fees. (Cmplt. at 10.)

Plaintiff asserts that venue is proper in this district because he lives in this district, though his mailing address is not in this district. (Cmplt., ¶ 7.)

II.   Motion to Dismiss Pursuant to Rule 12(b)(1)

A. Legal Standard

"Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction over civil actions." Howard Jarvis Taxpayers Ass'n v. Cal. Secure Choice Ret. Sav. Program, 443 F. Supp. 3d 1152, 1156 (E.D. Cal. 2020) (citing Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Subject matter jurisdiction is required; it cannot be forfeited or waived. Id. at 1156. Indeed, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a party may "challenge a federal court's jurisdiction over the subject matter of the complaint." Nat'l Photo Grp., LLC v. Allvoices, Inc., No. 3:13-cv-03627-JSC, 2014 WL 280391, at *1 (N.D. Cal. Jan. 24, 2014).

A federal district court generally has jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). Further, a plaintiff must have standing to assert a claim, which requires an injury in fact caused by defendant(s) that may be redressed in court. Harrison v. Kernan, 971 F.3d 1069, 1073 (9th Cir. 2020). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

As to the requirement of standing, "Article III, § 2, of the Constitution extends the 'judicial Power' of the United States only to 'Cases' and 'Controversies.' We have always taken this to mean cases and controversies of the sort traditionally amenable to, and resolved by, the judicial process." Steel Co v. Citizens for a Better Environment, 523 U.S. 83, 102 (1998) (citation omitted). "A plaintiff invoking federal jurisdiction bears the burden of establishing the 'irreducible constitutional minimum' of standing by demonstrating (1) an injury in fact, (2) fairly traceable to the challenged conduct of the defendant, and (3) likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 578 U.S. 330 (2016).

The Supreme Court has "repeatedly refused to recognize a generalized grievance against allegedly illegal governmental conduct as sufficient for standing to invoke the federal judicial power." U.S. v. Hays, 515 U.S. 737, 743 (1995) (collecting cases). "[A] plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." Lujan v. Defenders of Wildlife, 504 U.S. 555, 573-574 (1992).

B. Discussion

Defendant FDA argues that plaintiff lacks standing to bring this claim because the FOIA requests were submitted on behalf of a nonprofit corporation, Soft Lights Foundation, not Mark Baker. Defendant asserts that there is no case or controversy between Baker and the FDA, such that the court lacks Article III subject matter jurisdiction and must dismiss the case pursuant to Rule 12(b)(1).

In response, plaintiff asserts that he is President of the Soft Lights Foundation and receives mail at the same Beaverton, Oregon address as the nonprofit (though he lives in Eastern District of California). (ECF No. 10 at 3.) Plaintiff asserts that he regularly submits FOIA requests to the United States government on Soft Lights Foundation letterhead, and that these submissions are "ambiguous regarding whether Mark Baker, the individual," is requesting the information, or Soft Lights Foundation, or both. (Id.) Plaintiff claims that whether the FOIA requests at issue were filed by him as an individual, or as President of the Soft Lights

3

Foundations, is irrelevant. (ECF No. 10 at 4.)

The Ninth Circuit has explained that

> "[u]nder FOIA, anyone whose request to an agency for records has been denied has standing to bring an action." The D.C. Circuit—home to many FOIA appeals—succinctly stated this well-accepted principle: "The requester is injured-in-fact for standing purposes because he did not get what the statute entitled him to receive." Zivotofsky ex rel. Ari Z. v. Sec'y of State, 444 F.3d 614, 617–18 (D.C. Cir. 2006); see 5 U.S.C. § 552(a)(4)(B) (providing that a FOIA requester that has exhausted administrative remedies may sue for injunctive relief to obtain records "improperly withheld" by the agency).

A Better Way for BPA v. United States Dep't of Energy Bonneville Power Admin., 890 F.3d 1183, 1186-87 (9th Cir. 2018). As in that case, concerning standing to sue under FOIA, the instant case "boils down to a simple question: Who was the requester—[the nonprofit corporation] or [the individual]?" Id. at 1186 (concluding from the text of "the request itself" that nonprofit group was the requester and "thus has standing to sue"). "To the extent ambiguity exists" as to which was the requester, "the follow-on correspondence between [the federal agency] and the requester affirms that [the nonprofit] was the requester and [the agency] treated [it] as the requester." Id. at 1187. See also Zivotofsky, 444 F.3d at 617 (under FOIA, "[a]nyone whose request for specific information has been denied has standing to bring an action[.]").

Here, defendant attaches to its motion reproductions of the two FOIA requests at issue, of which the court takes judicial notice. In the August 17, 2022 request, the "requester" is listed as Soft Lights Foundation at the Beaverton, Oregon address. (ECF No. 9-2 ("Collins Decl.") at 5.) The language of the request states, twice: "*We* therefore request," in the plural (emphasis added). (Id.) The signature is by Mark Baker, and the contact email is for Baker "@softlights.org." (Id.) The form indicates that the bill should be sent to "Soft Lights Foundation . . . Attn: Mark Baker." (Id.) The December 16, 2022 request is very similar, listing Soft Lights Foundation as the "requester" and discussing "*[o]ur* petition to the FDA[.]" (Id. at 7) (emphasis added).

In the accompanying declaration, Leif Collins, an Assistant Director for Freedom of Information Disclosures at the FDA, avers that he is personally familiar with the FOIA requests at issue and the agency's handling of them. (Collins Decl., ¶¶ 1, 3.) He avers that, as recorded in

4

the agency database that tracks requests for documents, "Soft Lights Foundation submitted the two FOIA requests to FDA that are at issue" in this litigation. (Id., ¶ 9.) He further states that, based on his search of the database, the agency had not received "any FOIA requests from Mark Baker on his own behalf." (Id., ¶ 12.)

"In the end, common sense must prevail in determining who is a requester under FOIA." A Better Way, 890 F.3d at 1187. Here, the court finds that, plaintiff submitted the two requests at issue on behalf of Soft Lights Foundation and signed them in his capacity as President of that organization. As a result, he lacks standing to pursue this FOIA case, and the complaint is subject to dismissal.

Moreover, it does not appear that leave to amend is warranted. For FOIA actions, venue is proper only in the following districts: (1) the district in which the plaintiff resides or has their principal place of business; 2) the district in which the relevant agency records are located; and (3) the District of Columbia. Abissi v. U.S. Citizenship and Immigration Services, 729 F.Supp.3d 505, 508 (D. Maryland April 5, 2025) (citing 5 U.S.C. § 552(a)(4)(B). If Soft Lights Foundation were substituted as the plaintiff in this action, venue would not be proper in this district. Thus the undersigned will recommend that this action be dismissed without leave to amend.

Accordingly, IT IS HEREBY RECOMMENDED THAT:

1. Defendant's motion to dismiss for lack of jurisdiction (ECF No. 9) be GRANTED;

2. The complaint be dismissed without leave to amend; and

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

////

////

////

within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 19, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/bake0250.mtd.f&rs